UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 2:25-8318-RAO | Date: | November 14, 2025 |
| Title: | Anna Glowa v. MDR L&M Apartments, LLC et al | | |

| Present: | The Honorable | **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE** |
|---|---|---|

| Eddie Ramirez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**   (In Chambers) **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT AND DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES [7]**

Before the Court is Plaintiff Anna Glowa's ("Plaintiff") Motion for Remand ("Motion") and Request for Attorney's Fees as Monetary Sanctions. Dkt. No. 7. Plaintiff's Motion is supported by the Declaration of Mitch Rosensweig ("Rosensweig Declaration"). *See* Dkt. No. 7. Defendants MDR L&M Apartments, LLC and Common Management Co ("Defendants") filed an opposition and Plaintiff filed a reply. Dkt. Nos. 10, 11. Defendants' opposition is supported by the Declaration of Gabriel Ullrich ("Ullrich Declaration"). *See* Dkt. No. 10. The Court vacated the October 29, 2025 hearing on the Motion. Dkt. No. 12.

For the reasons set forth below, Plaintiff's Motion for Remand is **GRANTED** and Plaintiff's Request for Attorney's Fees is **DENIED.**

**I.   BACKGROUND**

   **A.   Procedural History**

On January 2, 2024, Plaintiff filed a civil action in the Superior Court of the State of California, County of Los Angeles. Dkt. No. 1-1. Subsequently, on June 12, 2024, Defendants filed and served an Answer to the Complaint. Mot. at 4; Rosensweig Decl. ¶ 4.

On June 25, 2024, Plaintiff served Defendants with her initial document production ("Document Production"). Mot. at 4; Rosensweig Decl. ¶ 5. Specifically, Plaintiff's Document

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No.: | CV 2:25-8318-RAO | Date: | November 14, 2025 |
|---|---|---|---|
| Title: | Anna Glowa v. MDR L&M Apartments, LLC et al | | |

Production consisted of Plaintiff's medical records, bills, and photographs depicting the permanent facial scarring suffered by Plaintiff.  *Id.*  Further, the Document Production estimated that Plaintiff incurred $24,000 in past medical expenses and included treatment plans from Plaintiff's treating neurologist, Dr. Daniel Franc, M.D. Ph.D.  *Id.*  On August 6, 2024, in response to Defendants' Demand for a Statement of Damages, Plaintiff served Defendants with her Statement of Damages.  Mot. at 4–5; Rosensweig Decl. ¶ 6.

On September 3, 2025, Defendants filed a notice of removal ("NOR") from the Superior Court to the United States District Court, Central District of California.  Dkt. No. 1.  And Plaintiff filed a Motion to Remand the case to state court on September 30, 2025.  Dkt. No. 7.  On October 6, Defendants then filed their opposition to Plaintiff's Motion, and Plaintiff filed her Reply on October 15.  Dkt. Nos. 10, 11.  The Court vacated the October 29, 2025 hearing on the Motion.  Dkt. No. 12.

### B.     Factual Background

Plaintiff brings an action against Defendants MDR L&M Apartments, LLC, Common Management Co., and DOES 1 through 50 inclusive.  *See* Dkt. No. 1-1.  In the Complaint, Plaintiff alleges that on or about January 6, 2022, she "sustained serious and permanent injuries, including a traumatic brain injury and permanent facial scarring, when she fell down a negligently maintained stairwell" at "13488 Maxella Avenue, Marina Del Rey, California."  *Id.* ¶¶ 5, 14, 15.  The Maxella Avenue property was allegedly "owned, operated, controlled, supervised, inspected, leased, maintained, designed, constructed, repaired and managed by Defendants."  *Id.* ¶ 4.  On the basis of such allegations, Plaintiff brings the following claims: (1) Negligence and (2) Premises Liability.  *Id.* ¶¶ 12–32.

## II.    LEGAL STANDARD

Removal is proper where the federal courts have original jurisdiction over an action brought in state court.  28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 842 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332, district courts have original jurisdiction of all civil actions where the amount in controversy exceeds $75,000 and the parties are completely diverse.  Under 28 U.S.C. § 1446(b), the defendant must remove the case from state court during one of two thirty-day time limits.  *See* 28 U.S.C. § 1446(b).  The first thirty-day limit requires the defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 2:25-8318-RAO | Date: | November 14, 2025 |
| Title: | Anna Glowa v. MDR L&M Apartments, LLC et al | | |

to remove within thirty days after receiving a complaint that is removable on its face. *Id.* § 1446(b)(1). Alternatively, if the complaint is not removable on its face, the second thirty-day limit requires the defendant to remove within thirty days after receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has been removable." *Id.* § 1446(b)(3); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005).

In the Ninth Circuit, the term "other paper" has been interpreted to include "documents generated within the state court litigation." *Rose v. Beverly Health & Rehabilitation Servs., Inc.*, No. CV 06-0067 AWI (DLBx), 2006 WL 2067060, at *5 (E.D. Cal. July 22, 2006). Specifically, courts have interpreted "other papers" to include, among other documents, unverified discovery responses, *Torres v. Utility Tree Servs., Inc.*, No. CV 16-3424, 2017 WL 30561, at *4 (N.D. Cal. Jan. 3, 2017); informal correspondence among counsel, *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007); a case management statement, *Olonzo v. Wells Fargo Bank, N.A.*, No. CV 09-6611 PSG (RCx), 2010 WL 330245, at *3 (C.D. Cal. Jan. 21, 2010); and a deposition, *Riggs v. Continental Baking Co.*, 678 F. Supp. 236, 238 (N.D. Cal. 1988).

Courts strictly construe the removal statute against removal jurisdiction. *See, e.g., Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034 (citation omitted); *see also Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand."). Although a district court lacks the authority to remand a case sua sponte for procedural defects, *Corona–Contreras v. Gruel*, 957 F.3d 1025, 1029 (9th Cir. 2017), and the Ninth Circuit has found that the time limits for removal are procedural, not jurisdictional, *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980), the court may remand upon a timely motion to remand, *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) ("Because procedural defects are waivable, a district court lacks authority to remand based on the defendant's violation of § 1446(b)'s ... time limitation absent a timely filed motion to remand.").

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 2:25-8318-RAO | Date: | November 14, 2025 |
| Title: | Anna Glowa v. MDR L&M Apartments, LLC et al | | |

### III. ANALYSIS

As a threshold matter, Plaintiff has three bases for arguing that remand is warranted. First, Plaintiff asserts that Defendants' removal is untimely, both under 28 U.S.C. § 1446(b)(1)'s thirty-day requirement and section 1446(c)'s one-year limit. *See* Mot. at 2. Second, Plaintiff argues that this Court does not have subject matter jurisdiction under 28 U.S.C. § 1332. *Id.* Third, Plaintiff argues that "Defendants waived the right to removal (to the extent this matter was removable) by submitting to the jurisdiction of the Superior Court." *Id.*

Defendants removed this case from state court on September 3, 2025, and Plaintiff timely moved to remand on September 30, 2025, within the 30-day window. *See generally* NOR; Mot. Therefore, because Plaintiff has properly objected, the Court will first determine whether removal was timely under section 1446. And if notice of removal was timely, then the Court will address whether it has subject matter jurisdiction. If removal was untimely, then the Court may remand on the basis of such procedural defect. *Friedenberg v. Lane Cnty.*, 68 F.4th 1113, 1121 (9th Cir. 2023) ("[T]he time limit [to remove a case] is mandatory and a timely objection to a late petition will defeat removal[.]")

#### A. Timeliness of Defendants' Removal

Here, neither party suggests Plaintiff's complaint pleaded facts making removability "unequivocally clear," however, the parties disagree whether Defendants' second 30-day clock began running either when Plaintiff served Defendants with her June 25, 2024 Document Production or when Plaintiff filed her Statement of Damages on August 6, 2024.

Plaintiff argues that "Defendants knew that the amount in controversy greatly exceeded $75,000 on June 25, 2024, when Plaintiff served Defendants with her initial document production" because the Document Production revealed "approximately $24,000 in past medical expenses, as of that date" and a "treatment plan from Plaintiff's treating neurologist." Mot. at 4, 8; Rosensweig Decl. ¶ 5. The treatment plan "outlined annual medical treatment costs of approximately $70,000.00 for the remainder of Plaintiff's life." Mot. at 4; Rosensweig Decl. ¶ 5. Defendants argue that the Document Production did not provide sufficient evidence that Plaintiff's damages exceeded $75,000 because the "claimed number $70,000 does not appear

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 2:25-8318-RAO | Date: | November 14, 2025 |
| Title: | Anna Glowa v. MDR L&M Apartments, LLC et al | | |

anywhere in the document production" and it "was not served with a verified request for production response." *See* Opp'n at 3–5.

As an initial matter, the Court finds that the Document Production qualifies as an "other paper" under § 1446(b)(3). Courts in the Ninth Circuit have found that unverified discovery responses and other informal communications qualify as "other paper[s]." *Torres*, 2017 WL 30561, at *3 ("[W]hile the Court acknowledges that civil procedural rules require the responses be verified or made 'under oath,' such rules do not preclude finding that an unverified discovery response can serve as a proper section 1446(b) notice for purposes of removal") (citing *Babasa*, 498 F.3d at 974); *In re Citizens Auto Fin.*, No. 10-05345-JSW, 2011 WL 724778, at *4–5 (N.D. Cal. Feb. 22, 2011) (removal clock triggered by email sent by plaintiff's counsel suggesting amount in controversy requirement is satisfied); *Rollins v. Fresenius USA, Inc.*, No. 13-09394, 2014 WL 462822, at *5 (C.D. Cal. Feb. 4, 2014) (email from plaintiff's counsel indicating that non-diverse parties had been fraudulently joined triggered removal clock); *Cram v. Elec. Data Sys. Corp.*, No. 07-1842, 2007 WL 4555888, at *1 (S.D. Cal. Dec. 19, 2007) (interrogatory responses sufficient to establish amount in controversy requirement for removal). The Court therefore finds that the June 25, 2024 Document Production here is an "other paper."

Moreover, the Court is not persuaded by Defendants' argument that an unverified discovery response is no response at all. *See* Opp'n at 5. In *Appleton v. Superior Court*, the court considered whether to sanction counsel for failing to verify discovery responses and whether the responses could be admitted at trial by motion of one of the parties. *See* 206 Cal. App. 3d 632, 636 (1988). The proposition noted in *Appleton* that unverified discovery responses are "tantamount to no responses at all" did not concern section 1446(b), rather, it referred to whether the responses could be admissible at trial. *See id.* Furthermore, Ninth Circuit authority indicates that a document need not be "admissible" for it to provide notice under § 1446(b). *Babasa*, 498 F.3d at 974–95; *accord Torres*, 2017 WL 30561, at *3 ("[E]videntiary rules do not control what constitutes section 1446(b) notice for purposes of removal to federal court.") (citing *Babasa*, 498 F.3d at 974–95).

Here, the June 25, 2024 Document Production provided Defendants enough facts to recognize that the amount in controversy exceeded $75,000. Indeed, medical records may provide sufficient notice that a case is removable if they contain cost estimates or billing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 2:25-8318-RAO | Date: | November 14, 2025 |
| Title: | Anna Glowa v. MDR L&M Apartments, LLC et al | | |

information.[1]  *Naranjo v. Walmart, Inc.*, No. CV 18-10040-RGK (FFM), 2019 WL 446223, at *3 (C.D. Cal. Feb. 4, 2019) (finding that the plaintiff's medical records were sufficient to put the defendant on notice that the amount in controversy requirement was met because the records contained a treating physician's report "clearly stating that [the] [p]laintiff was advised to undergo a surgery, which was to be scheduled soon, that would cost an estimated $250,000").

The Court finds that there is no dispute that the Document Production revealed that Plaintiff's past medical costs—as of June 2024—were approximately $24,000. Mot. at 5; Rosensweig Decl. ¶ 5; Opp'n at 2. Additionally, based on a conservative application of Dr. Franc's report, Plaintiff's future medical expenses are projected to exceed $58,000 per year for ongoing treatment. Mot. at 8; Opp'n at 4.[2] First, Plaintiff would incur approximately $3,500 annually for neurology visits, reflecting $500 visits every six to eight weeks (around seven times per year). *Id.* Second, a "[f]ollow-up MRI"—estimated at $1,200 every four years—will cost Plaintiff approximately $300 per year. *Id.* Third, the recommended medications include Trokendi XR at $770 per month ($9,240 per year) and Ubrelvy at $945 per month ($11,340 per year). *Id.* Fourth, the cost of botulinum toxin injections for posttraumatic headaches is estimated at $3,500. *Id.* Fifth, the report prescribes cognitive behavioral therapy sessions "1-3 days" each week, ("recommended provision for 25" times per year) costing $500 per session, resulting in an annual cost of $12,500. *Id.* Sixth, monthly psychiatric follow-up visits—billed at $500 per month—yield an annual cost of $6,000. *Id.* Seventh, Strattera (10 mg daily at $385 per month) and Vortioxetine (15 mg daily at $505 per month) collectively cost $10,680 per year. *Id.* Finally, "[n]euroendocrine medical services" are expected to cost about $1,250 per year, including $750 for annual lab testing and $500 for a specialist

---

[1] "Where medical records include cost estimates or billing information, they may be sufficient to put a defendant on notice that a case is removable." *Barakat v. Costco Wholesale Corp.*, No. CV 20-02248-JCS, 2020 WL 3635933, at *6 (N.D. Cal. July 6, 2020).  Where the medical records do not contain "the cost of past treatment or estimates of the cost of required future treatment," however, they are "insufficient to start the running of the 30-day removal period under § 1446(b)(3)." *Id.*

[2] The Court relies on the excerpt of Dr. Franc's report included in Defendants' opposition. *See* Opp'n at 4. Specifically, Defendants include a portion of Dr. Franc's recommended treatment for the injury arising from this action, dated January 13, 2023. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 2:25-8318-RAO | Date: | November 14, 2025 |
| Title: | Anna Glowa v. MDR L&M Apartments, LLC et al | | |

consultation. *Id.* Thus, based on the Court's conservative estimates derived from Dr. Franc's report, Plaintiff's future medical expenses will cost approximately $58,310 each year.

In sum, by combining Plaintiff's past medical costs of $24,000 and a conservative estimate of annual future medical costs of $58,310, the Document Production revealed that the amount in controversy exceeds $75,000. Because the Document Production put Defendants on notice that Plaintiff sought damages in excess of $75,000, Defendants' thirty-day removal period commenced on June 25, 2024. Accordingly, Defendants had until July 25, 2024, to file their NOR.[3] Defendants' NOR is therefore untimely because Defendants filed their NOR on September 3, 2025. Dkt. No. 1.

### B. Plaintiff's Request for Attorney's Fees

Plaintiff argues that she is entitled to attorney's fees and costs of $9,035.00 because "the removal of this action was untimely and based on a feigned ignorance of the amount in controversy." Mot. at 9. Defendants argue that "attorneys' fees are not warranted" because counsel "had a good faith and reasonable belief this removal was timely and supported." Opp'n at 6; Ullrich Decl. ¶ 7.

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has determined that "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Further, "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Although the court rejected Defendants' arguments, Defendants had an objectively reasonable basis for seeking removal. And while Plaintiff argues that Defendants' removal "was improper, untimely, and objectively frivolous," there is insufficient evidence of an objectively

---

[3] The United States Bankruptcy Court's stay of the proceedings from August 20, 2024, to August 12, 2025, occurred after the 30-day timer expired on July 25, 2024. *See* Mot. at 5; Rosensweig Decl. ¶ 8; Opp'n at 2; 28 U.S.C. § 1446(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No.: | CV 2:25-8318-RAO | Date: November 14, 2025 |
| Title: | Anna Glowa v. MDR L&M Apartments, LLC et al | |

unreasonable basis for seeking removal. *See* Mot. at 9–10. Additionally, there is no evidence of unusual circumstances otherwise warranting an award of fees. *See Carranza v. Wells Fargo Bank, N.A.*, No. CV 16-06464-EJD, 2017 WL 2021362, at *5 (N.D. Cal. May 12, 2017).

In sum, the Court **DENIES** Plaintiff's request for attorney's fees.

### IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES** Plaintiff's Request for Attorney's Fees.

The action is **REMANDED** to the Los Angeles Superior Court.

**IT IS SO ORDERED.**

:
Initials of Preparer    er